IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANWAR OUAZZANI-CHADI,       )
                            )
        Plaintiff,          )
                            )
    v.                      )   1:06CV00848
                            )
GREENSBORO NEWS & RECORD,   )
                            )
        Defendants.         )
_____)

MEMORANDUM ORDER

Tilley, District Judge

This matter is currently before the Court on Defendant Greensboro News and Record's Motion to Dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Doc. # 2]. For the reasons set forth below, the Motion to Dismiss will be GRANTED in part and DENIED in part.

I.

This is a defamation action arising from an article that appeared in the News and Record in April 2004 discussing "sham" marriages entered into for purposes of obtaining United States citizenship. The article cites Plaintiff Anwar Ouazzani-Chadi's first marriage as an example of such a sham marriage. Plaintiff filed the original Complaint in this action on September 28, 2006 alleging causes of action for libel, negligence, and gross-negligence. [Doc. # 1]. The negligence and gross

negligence claims are based on the theory that Defendant breached its duty not to misrepresent Plaintiff in a false and criminal light. [Doc. # 1]. Plaintiff asserts any implication that his first marriage was a sham is false and further asserts that the falsity of the assertion in Defendant's article could have been determined upon investigation. Plaintiff seeks general damages and punitive damages. [Doc. #1].

On November 22, 2006, the News and Record filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. # 2]. On April 9, 2007, Plaintiff filed an Amended Complaint, as of right, seeking to address the deficiencies in the original Complaint that were identified in Defendant's Motion to Dismiss. In particular, the Amended Complaint seeks to address the following issues: (1) whether Plaintiff's action has been filed within the one year statute of limitations applicable to defamation actions; (2) whether Plaintiff's negligence and gross negligence claims are barred under North Carolina law; and (3) whether Plaintiff provided the notice to Defendant that is a prerequisite to seeking punitive damages in a defamation action against a newspaper.

A.

With respect to the statute of limitations issue, the Amended Complaint states that the article was initially published in the News and Record in April 2004. In addition to this initial publication, Plaintiff identifies a republication of the article on the campaign website of a North Carolina judicial candidate in 2006 and asserts that Defendant authorized this republication. [Doc. # 11]. In North Carolina, it is

2

well-established that "the author of a defamation, whether it be libel or slander, is liable for damages caused by or resulting directly and proximately from any secondary publication or repetition which is the natural and probable consequence of his act."   Sawyer v. Gilmers, Inc., 189 N.C. 7, 126 S.E. 183, 187 (1925).

When considering a motion to dismiss under Rule 12(b)(6), a court must assume that the factual allegations in the complaint are true and construe them in the light most favorable to the nonmoving party.  Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000).  A Rule 12(b)(6) motion should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain the plaintiff cannot prove any set of facts in support of his claim that entitles him to relief.  Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

In this case, although the Amended Complaint does not identify the date on which the article appeared on the judicial candidate's website, the Amended Complaint does allege that this republication was authorized by the News and Record and occurred in 2006.  [Doc. # 11, ¶¶ 6, 15].  The Complaint was filed in September 2006.  Under the standard applicable to motions to dismiss pursuant to Rule 12(b)(6), Plaintiff's Amended Complaint is sufficient to defeat Defendant's Motion to Dismiss under the one year statute of limitations.  Defendant's Motion to Dismiss for failure to comply with the statute of limitations is DENIED.

3

B.

With respect to the negligence claims, Plaintiff asserts in the Amended Complaint that Texas law, which recognizes a negligence claim for false light invasion of privacy, applies in this case because he sustained injuries in Texas, where he resides and is employed. Defendant asserts that North Carolina law applies and further asserts that under North Carolina law, Plaintiff would not be allowed to recover damages on a negligence theory.

The North Carolina courts have "consistently adhered to the lex loci rule in tort actions." Boudreau v. Baughman, 332 N.C. 331, 335, 368 S.E.2d 849, 854 (1988). Under the lex loci rule, the court applies the substantive law of the state "where the wrong occurred." Clayton v. Burnett, 135 N.C. App. 746, 748, 522 S.E.2d 785, 786 (1999). It is well established that "the place of a wrong is in the State where the last event takes place which is necessary to render the actor liable for an alleged tort." Farmer v. Ferris, 260 N.C. 619, 627, 133 S.E.2d 492, 498 (1963). In this case, the republication of the article, which is the last act necessary to render the News and Record liable for an alleged tort, occurred in North Carolina. Thus, North Carolina law, not Texas law, applies to Plaintiff's claims.

Moreover, even if the most significant relationship test were to apply in this matter, the result would be the same. See Restatement (2d) Conflict of Laws § 145 (identifying factors to consider in making this determination"). The article in

4

question was initially published in North Carolina by a North Carolina newspaper about the activities of a North Carolina lawyer and divorce cases, such as Plaintiff's, which were decided in North Carolina district courts. Although the article was republished on the internet, the website in question was created solely for the purpose of promoting a candidate for North Carolina judicial office. The only contact with Texas is the fact that Plaintiff now resides in Texas. Under these facts, North Carolina would have the most significant relationship to this matter.

It is undisputed that North Carolina does not "recognize a cause of action for false light in the public eye invasion of privacy." Renwick v. News & Observer Pub. Co., 310 N.C. 312, 322, 312 S.E.2d 405, 411 (1984). Because Texas law is not applicable to Plaintiff's claims, the Motion to Dismiss the negligence and gross negligence claims based on a theory of false light invasion of privacy is GRANTED and those claims are DISMISSED.

C.

Finally, Defendant asserts that Plaintiff's claim for punitive damages should be dismissed because he did not comply with the notice requirements set out in N.C. Gen. Stat. § 99-1(a). Under section 99-1(a), before a plaintiff may file a defamation action based on an article appearing in a newspaper, the plaintiff "shall at least five days before instituting such action serve notice in writing on the defendant, specifying the article and the statements therein which he alleges to be

5

false and defamatory." N.C. Gen. Stat. § 99-1(a).

In the Amended Complaint, Plaintiff asserts that "[u]pon discovering the Article, [he] mailed numerous letters to Defendant requesting that Defendant retract the defamatory statements." [Doc. # 11, ¶ 20]. Defendant discusses the content of these letters in comparison to the content of the article and asserts that these letters were not sufficient to satisfy section 99-1(a). However, that determination would require consideration of facts not properly before the Court at this time. Under the standard applicable to a motion to dismiss pursuant to Rule 12(b)(6), it appears that Plaintiff has sufficiently alleged compliance with the notice requirement necessary to seek punitive damages. As such, Defendant's Motion to Dismiss the punitive damages claim is DENIED.

II.

In sum, the Motion to Dismiss [Doc. # 2] is GRANTED in part and DENIED in part. Plaintiff's claim for negligence and gross negligence based on a theory of false light invasion of privacy is DISMISSED.

This the day of May 8, 2007

/s/ N. Carlton Tilley, Jr.<br>United States District Judge