# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ANWAR OUAZZANI-CHAHDI, | ) | |
| | ) | |
| Plaintiff, pro se, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GREENSBORO NEWS & RECORD, | ) | 1:06CV848 |
| | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on a motion by Defendant Greensboro News & Record to strike or for other appropriate relief (docket no. 25). Specifically, the motion requests that the court strike Plaintiff's response (docket no. 21) to Defendant's motion for judgment on the pleadings as well as Plaintiff's "motion to correct clerical errors" (docket no. 22). Plaintiff has not responded to the motion, and the time to do so has passed. In this respect, the matter is ripe for disposition. For the following reasons, the motion to strike will be granted.

**BACKGROUND**

On September 28, 2006, pro se Plaintiff Anwar Ouazzani-Chahdi filed this defamation lawsuit against Defendant arising out of an article that first appeared in Defendant-newspaper in April 2004. Defendant filed a motion for judgment on the pleadings on May 14, 2007. On July 9, 2007, Plaintiff filed a response to the motion. The responsive brief, however, was not signed by Plaintiff or by any attorney of

record. Rather, a person with no apparent connection to the lawsuit signed the brief "on behalf" of Plaintiff. Plaintiff subsequently filed a "motion to correct clerical errors," in which he seeks to correct certain grammatical errors and typos in his response brief. Again, this motion was signed by another individual with no apparent connection to the lawsuit. On July 22, 2007, the court entered an Order deferring a ruling on the "motion to correct clerical errors" and informing Plaintiff that he had until July 31, 2007, to file signed copies of both his response to the motion for judgment on the pleadings and his "motion to correct clerical errors." Plaintiff failed to comply with the court's Order, and Defendant now seeks to have the court strike both of these documents.

Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, *if the party is not represented by an attorney, shall be signed by the party.*" FED. R. CIV. P. 11(a) (emphasis added). Rule 11(a) further provides that "[a]n unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." FED. R. CIV. P. 11(a). Rule 11 contains no provision allowing a third party to sign a pleading, motion, or other paper on behalf of a pro se litigant.

Plaintiff's response and motion are both signed by two separate individuals who have no involvement in this action; therefore, these documents do not comply with Rule 11. The court has already entered an order requiring Plaintiff to sign these

2

documents and warning Plaintiff of the consequences of his failure to do so. Through its July 11 Order, this court clearly informed Plaintiff that he is personally required to sign all pleadings filed with the court, and the court directed Plaintiff to correct the inadequacy of his filings. The court warned Plaintiff that failing to comply with the Order could result in both documents being stricken. Nevertheless, Plaintiff failed to comply with the court's Order. Plaintiff's response to the motion for judgment on the pleadings as well as his motion to correct clerical errors will therefore be stricken.[1]

**CONCLUSION**

For the reasons stated herein, the court **GRANTS** Defendant's motion to strike (docket no. 25) both Plaintiff's response to Defendant's motion for judgment on the pleadings (docket no. 21) and his motion to correct clerical errors (docket no. 22), and the clerk is directed to designate docket nos. 21 and 22 as **STRICKEN** from the record. **IT IS SO ORDERED.**

_____
Wallace W. Dixon
United States Magistrate Judge

October 2, 2007

---

[1] The court normally provides some latitude to pro se plaintiffs. The court has already warned Plaintiff that failure to sign these two documents could result in the court striking them from the record. Moreover, Defendant has informed the court that Plaintiff holds both J.D. and L.L.M. degrees and has previously served "of counsel" at the international law firm of Fulbright and Jaworski, L.L.P. (*See* Exs. C & D to No. 24.)

3